**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LINDA S. SHENWICK,                                    DOCKET NUMBER
                      Appellant,                      NY-1221-12-0096-W-2

              v.

GENERAL SERVICES                                     DATE: September 30, 2014
    ADMINISTRATION,
                      Agency.

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James F. Peterson, Esquire, and Paul J. Orfanedes, Esquire, Washington,
    D.C., for the appellant.

Floyd Allen Phaup II, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1       The appellant has filed a petition for review of the initial decision, which
denied her request for corrective action in connection with her individual right of
action (IRA) appeal.  Generally, we grant petitions such as this one only when:

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 On October 11, 2011, the appellant filed a Board appeal in which she alleged that the agency effectively demoted her when she was reassigned, effective September 11, 2011, from her position as a GS-15 Attorney Advisor with the General Services Administration's (GSA) Public Buildings Service, Office of the Regional Commissioner, to a GS-15 Attorney Advisor "virtual" position with the Office of Organizational Resources, Office of Acquisition Management, Industry Relations Division.[2] The administrative judge dismissed the appeal for lack of jurisdiction on the basis that the appellant did not suffer a loss in pay or grade and failed to nonfrivolously allege that the Board had jurisdiction over the action as a constructive demotion.[3] *Shenwick v. General*

---

[2] Although the appellant's new position was located in Central Office, she was not required to relocate to the Washington, D.C. area; rather, an office was located for her in New York, adjacent to offices of other Central Office virtual employees. *See* MSPB Docket No. NY-1221-0096-W-1, Initial Appeal File (W-1 IAF), Tab 6 at 111.

[3] That decision became the Board's final decision on February 29, 2012, when neither party filed a petition for review.

*Services Administration*, MSPB Docket No. NY-3443-12-0008-I-1, Initial Decision at 5-9 (Jan. 25, 2012). Because the appellant alleged during adjudication that her reassignment was in retaliation for her protected whistleblowing activities, the administrative judge issued a jurisdictional order setting forth the proof requirements for such a claim. *Id.* at 5.

¶3    On October 13, 2011, the appellant filed a complaint with the Office of Special Counsel (OSC). W-1 IAF, Tab 1 at 32-62. Therein she asserted that the agency's action was based on disclosures she made to the Regional Commissioner for Public Services, Legal Advisor or Regional Administrator's Office regarding: (1) poor or no federal position management; (2) nepotism; (3) improper practices associated with government spaces; (4) the absence of "position ceiling" within GSA Region 2; (5) noncompetitive hiring in GSA Region 2; (6) pre-selection in hiring; and (7) improper conduct of an audit. *Id.* at 39-40, 45-46.

¶4    On February 21, 2012, not having received a decision from OSC, the appellant filed an IRA appeal with the Board in which she raised the same claims she had raised to OSC.[4] *Id.*, Tab 1. Based on the parties' submissions, the administrative judge found that the appellant had established the Board's jurisdiction over her appeal. *Id.*, Tab 12. Specifically, the administrative judge found that the appellant exhausted her administrative remedy before OSC, *id.* at 3, and nonfrivolously alleged that she made five protected disclosures,[5] *id.* at 3-10, and that they were a contributing factor in her reassignment, a covered personnel action. *Id.* at 10-11. The administrative judge concluded that the appellant was entitled to a hearing at which to prove her claims. *Id.* at 13.

---

[4] On March 16, 2012, OSC issued a letter advising the appellant that its further consideration of her claims was now moot given that she had filed an IRA appeal. W-1 IAF, Tab 10 at 11.

[5] The administrative judge found that the appellant had failed to nonfrivolously allege that she made a protected disclosure as to her claims regarding (4) the absence of a "position ceiling" and (5) noncompetitive hiring within GSA Region 2. W-1 IAF, Tab 12 at 7-8. The appellant did not then, or thereafter, challenge this finding.

¶5      During the prehearing conference, the administrative judge reiterated that the same five alleged protected disclosures were at issue. MSPB Docket No. NY-1221-12-0096-W-2, Initial Appeal File (W-2 IAF), Tab 12 at 2-3. She also acknowledged the appellant's additional claim that she was a "perceived whistleblower"[6] and directed the appellant to further address the issue, *id.* at 3, which she did, *id.*, Tab 13. Thereafter, the administrative judge determined that the issue of whether the appellant was a perceived whistleblower would be considered. *Id.*, Tab 18.

¶6      Following a hearing, the administrative judge issued an initial decision in which she denied the appellant's request for corrective action. *Id.*, Tab 40, Initial Decision (ID) at 2, 58. The administrative judge found that the appellant established that she made the five protected disclosures at issue, ID at 14-21; that she was also "perceived as" a whistleblower, ID at 21-24; that the individuals who made the decision to reassign her knew of her whistleblowing background and of her disclosure relating to nepotism and acted to reassign her within a relatively short amount of time, ID at 25-26; and that therefore she established, under the knowledge/timing test, that a protected disclosure she made was a contributing factor in her reassignment, ID at 26.

¶7      The administrative judge then found that the agency showed by clear and convincing evidence that it would have reassigned the appellant in the absence of her whistleblowing. In so doing, the administrative judge acknowledged the factors appropriate for consideration, that is, the strength of the agency's evidence in support of its action, whether, and to what extent, agency officials who were involved in the decision had a motive to retaliate, and evidence that the agency takes similar action against nonwhistleblower, similarly-situated

---

[6] This claim pertains to the appellant's assertion that, prior to working at the agency, she worked at the Department of State where she also made protected disclosures which resulted in her appearing on the Nightline News program and in some major newspapers. The appellant claimed that, from the time she came to the agency, her coworkers knew of her whistleblowing background. W-1 IAF, Tab 1.

employees. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). In applying the factors, the administrative judge considered the evidence and testimony presented by the agency as well as that submitted by the appellant. ID at 27-57; *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012). Upon review, the administrative judge concluded that the factors all weighed in the agency's favor. ID at 57-58. The administrative judge stated that she was not persuaded that the appellant was, in fact, subject to a geographic reassignment. ID at 58.

¶8    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, the agency has responded to the appellant's petition,[7] *id.*, Tab 3, and she has replied to the agency's response, *id.*, Tab 5.

¶9    In finding that the agency proved by clear and convincing evidence that it would have reassigned the appellant, even absent her protected disclosures, the administrative judge found under the first *Carr* factor that there was strong evidence in support of the agency's personnel action. She found that the evidence included the fact that there were a number of complaints brought to the Deputy Regional Commissioner's attention by various employees and the Division Directors during his one-to-one meetings with them[8]; that, once it was determined that the appellant should be moved out of her Executive Officer position, the agency offered her a number of options that would have allowed her to stay in her current location; but when she resisted all of them, the agency determined that the

---

[7] The appellant argues that the agency's response should be dismissed as untimely filed. PFR File, Tab 5. According to the Board's Order, the agency's response was due on or before April 13, 2014. *Id.*, Tab 2. Because April 13, 2014 was a Sunday, the agency's response was due on or before the next business day, or April 14, 2014. 5 C.F.R. § 1201.23. However, it was not filed until April 15, 2014. PFR File, Tab 3; 5 C.F.R. § 1201.4(l). Because the agency's response was not timely filed, we have not considered it. For that reason, we also have not considered the appellant's reply to the agency's response.

[8] These complaints related to the appellant's having taken various actions that were viewed as having adversely affected office morale and created the perception that she "controlled" the Regional Commissioner. ID at 29-35.

only feasible option was to reassign her to the virtual position. ID at 52-56. As to the second *Carr* factor, the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision, the administrative judge found that the principal players, the Deputy Regional Commissioner and the Regional Commissioner, had little motive to retaliate against the appellant because they were both new to their positions and were simply endeavoring, by their decision, to ensure that the needs of the agency were met. ID at 56. In this regard, the administrative judge found credible the testimony of those agency officials that their decision to reassign the appellant was not in retaliation for her protected disclosures or because they perceived her as a whistleblower. ID at 56. As to the third *Carr* factor, any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly-situated, the administrative judge found that four other Directors who were not whistleblowers were also removed from their positions on the Board of Directors. ID at 57. Weighing all these factors, the administrative judge found that she was left with a firm belief that the agency would have taken the reassignment action in the absence of the appellant's protected disclosures or the fact that she was perceived as a whistleblower. ID at 57-58.

¶10    The Board will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions of credibility. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987). The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing, and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

¶11        Our review of the record shows that, in finding that the agency proved by clear and convincing evidence that it would have reassigned the appellant absent her protected disclosures, the administrative judge complied with the requirements of *Crosby* and *Broughton* by making detailed findings of fact and reasoned credibility determinations. The administrative judge made certain such determinations based explicitly on witness demeanor, *see* ID at 49 ("the appellant was at times evasive when asked questions related to complaints that Division Directors brought against her" and "the undersigned administrative judge had to direct her to answer a question because she had failed to do so."). The administrative judge also implicitly made credibility determinations when she found that management received complaints about the appellant's performance issues, *see* ID at 45 ("I find that [the appellant's witness's] testimony was not worthy of belief"), that the appellant was aware of these complaints, *see* ID at 48 (the appellant's testimony . . . is not worthy of belief"), that she was advised of the reasons why she was being taken out of her Executive Officer position, *see* ID at 52 ("I find that . . . the appellant's claim . . . is not credible"), and that the Regional Commissioner and Deputy Regional Commissioner's decision to reassign the appellant was not in retaliation for either her protected disclosures or the fact that she was a "perceived" whistleblower, *see* ID at 56 ("I also find that their testimony . . . was credible."). We find that the appellant has failed to show that the administrative judge made erroneous findings of material fact in finding that the agency proved by clear and convincing evidence that it would have reassigned the appellant absent her protected disclosures.[9]

---

[9] The appellant argued that the administrative judge erred in considering the management inquiry that the agency conducted into the anonymous complaints filed against her because, in her view, the investigation was flawed. In and of itself, this claim, which arguably goes to the first *Carr* factor, does not command a different result than that reached by the administrative judge. Moreover the appellant's reliance on *Kalkines v. United States*, 473 F.2d 1391, 1394 (Ct. Cl. 1973), is misplaced. There, the court held that an employee could not be discharged for failing to answer questions concerning his finances and payments from importers where, although there was a

¶12　　　　On review, the appellant contends that the administrative judge erred in concluding that she did not receive a management-directed geographical reassignment and argues that, consistent with *Miller v. Department of the Interior*, 120 M.S.P.R. 426 (2013), the agency is required but failed to demonstrate that her geographic reassignment promotes the efficiency of the service.  As noted, although the position to which the appellant was reassigned was located in Central Office, she was not required to relocate to the Washington, D.C. area; rather, an office was located for her in New York, adjacent to offices of other Central Office virtual employees.  W-1 IAF, Tab 6 at 111.  Moreover, *Miller* is otherwise inapposite.  There, the appellant was, in fact, geographically reassigned and, when she refused the reassignment, she was removed.  After finding that the agency failed to show that its reasons for the reassignment were bona fide, the Board concluded that the removal action did not promote the efficiency of the service, as required to be valid under 5 U.S.C. § 7513(a) (an agency may take an action covered by this subchapter [relating to adverse actions] against an employee only for such cause as will promote the efficiency of the service).  *Miller*, 120 M.S.P.R. 426, ¶¶ 22-24.  In the instant case, the appellant did not refuse the reassignment and the agency did not take an adverse action against her.  Rather, the case is before the Board as an IRA appeal where the issue is not the merits of the personnel action but whether it was taken in retaliation for the appellant's whistleblowing activity.  *See Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 31 (2007).  Therefore the Board's holding in *Miller* does not advance the appellant's cause.

¶13　　　　Finally, the appellant argues that the administrative judge erred in denying her the opportunity to present rebuttal testimony at the hearing.  The record

---

pending criminal investigation, he was not advised that his answers or their fruits could not be used in the criminal case.  Here, there is no suggestion of any possible constitutional violation in the manner in which the administrative investigation was conducted.

reflects that, on the fourth and final day of the hearing, at the conclusion of the testimony of the last witness, the appellant's counsel requested to recall the appellant as a rebuttal witness. Hearing Transcript (HT) at 595. The administrative judge asked for an offer of proof as the reason for the request. HT at 595-96. The appellant's counsel proffered that the appellant would testify as to matters addressed during the agency's case in chief that "we did not anticipate." HT at 596-97. Counsel for the agency argued that the proffered testimony consisted of "things that she's already testified about," HT at 597, and the administrative judge agreed, HT at 597-98. The appellant's counsel then offered to limit the testimony to a single issue related to an office that was allegedly built for the appellant in the Regional Commissioner's suite, but the administrative judge ruled that that matter was not material to her inquiry. HT at 598. The appellant's counsel made another offer of proof on a different issue but subsequently withdrew it. HT at 599-600. His failure to preserve an objection to the administrative judge's rulings on this matter precludes his doing so now. *See Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 7 (2012).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS7

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge

the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.